IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL D. BAKER WELLS, | ) | CASE NO. 3:11 CV 150 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action under 42 U.S.C. § 405(g) and § 1383(c)(3) by Krystal D. Baker

Wells ("Baker")[1] seeking judicial review of the final decision of the Commissioner of Social

Security denying her applications for disability insurance benefits and supplemental security

income.[2]   The parties have consented to magistrate judge's jurisdiction.[3]   After the

---

[1] Baker herself indicated that references to her name should be as indicated.  ECF # 16
at 1.

[2] ECF # 1.

[3] ECF # 11.

Commissioner filed an answer[4] and the administrative record,[5] the parties briefed their positions.[6]

I conclude that substantial evidence does not support the finding at step five of the sequential evaluation process, and the case must be remanded for further proceedings.

## Facts

### A. Findings and decision of the Administrative Law Judge ("ALJ")

Baker, who was 23 years old at the time of the hearing,[7] lives with her husband and young son[8] and has a high school education.[9]

The ALJ, whose decision became the final decision of the Commissioner, found that Baker had severe impairments consisting of bipolar disorder.[10] The ALJ made the following finding regarding Baker's residual functional capacity:

---

[4] ECF # 8.

[5] ECF # 9. This matter was also set for telephonic oral argument. ECF # 20. But, on a review of the briefs and the record, I determined that this case could be adjudicated without such an argument. If after reviewing this decision either party believes oral argument should have been held, that party may file a motion to alter or amend judgment with a request for such argument.

[6] ECF # 12 (Baker's fact sheet); ECF # 14 (Baker's revised fact sheet); ECF # 16 (Baker's brief on the merits); ECF # 17 (Commissioner's brief and charts); ECF # 19 (Baker's reply brief).

[7] Transcript ("Tr.") at 19.

[8] *Id.* at 18.

[9] *Id.* at 20.

[10] *Id.* at 14.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations:  she is limited to simple, repetitive and detailed work tasks, but cannot perform complex work tasks.[11]

Given that residual functional capacity, the ALJ found Baker capable of what she determined was her past relevant work as laundry worker, cashier, busser, and assembler and, therefore, not under a disability.[12]

Alternatively, based on an answer to a hypothetical question posed to the vocational expert ("VE")  at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Baker could perform.[13]  The ALJ, therefore, found Baker  not under a disability.

**B.      Issues on judicial review**

Baker  asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Baker raises three major issues:

1.      Whether the RFC finding was supported by substantial evidence.[14]

2.      Whether substantial evidence supports the ALJ's finding that Baker had past relevant work.[15]

---

[11] *Id.* at 17.

[12] *Id.* at 19.

[13] *Id.*

[14] ECF # 16 at 5-12; 16-18.

[15] *Id*. at 12-14.

-3-

3.      Were the hypothetical questions posed to the VE accurate restatements of the RFC finding?[16]

# Analysis

## A.    Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[17]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner

---

[16] *Id.* at 15-16.

[17] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[18] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[19]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B. Applications of standard

### 1. *The residual functional capacity finding is supported by substantial evidence*

The arguments on this subject, as developed in the briefs, involve four issues: (1) the opinion of Roger Avery, Ph.D., an examining psychologist; (2) the opinion of Suzanne Castro, Psy.D., an examining psychologist; (3) discounting the testimony of Baker; and (4) the Commissioner's alleged use of post-hoc rationalization. Each of these will be addressed *seriatum*.

#### a. *Opinion of Dr. Avery*

Dr. Avery, an examining psychologist, practiced with Larry Hamme, Ph.D. and Associates[20] and saw Baker in April, 2008.[21] The ALJ, who mistakenly identified Dr. Avery's opinion as that of Dr. Hamme,[22] stated Dr. Avery's opinion to be that Baker

---

[18] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[20] *See*, ECF # 16 at 8, fn.6.

[21] Tr. at 228-30.

[22] Baker agrees that this mistake is not harmful. ECF # 16 at 8 n.6. I will make subsequent references to Dr. Avery where the ALJ refers to Dr. Hamme.

would be "moderately impaired" in relating to others, but that she could relate sufficiently to co-workers and supervisors in performing simple, repetitive tasks.[23]  The ALJ further found that Dr. Avery opined that Baker would also be "moderately impaired" in her ability to understand, remember, and carry out instructions; maintain attention and concentration; and withstand the stress and pressures associated with daily work.[24]

Although the ALJ did not quote from, but only cited to, the full clinical findings underpinning Dr. Avery's opinions, the Commissioner asserts[25] that, given these conclusions from Dr. Avery, the ALJ could reasonably assign significant weight to Dr. Avery's opinion[26] that Baker "remained capable of simple work."[27]

Baker, for her part, contends that while the ALJ "acknowledged" Dr. Avery's opinions, she erred in not recognizing that Dr. Avery's opinion concerning Baker's functional limitations "was more limited than the ALJ found."[28]

b.    *Opinion of Dr. Castro*

Similar to Baker's arguments concerning Dr. Avery, she maintains that the "ALJ failed to provide any reason for implicitly rejecting Dr. Castro's opinions [which were] more

---

[23] Tr. at 15-16.

[24] *Id*. at 16.

[25] ECF # 17 at 9.

[26] Tr. at 19.

[27] *Id*. (citing Dr. Avery's report).

[28] ECF # 16 at 8; ECF # 19 at 6.

-6-

restrictive than her residual functional capacity assessment."[29]  Specifically, she contends that Dr. Castro – a reviewing psychologist[30] – included "restrictions" in Baker's residual functional capacity (a "need for instructions where changes can be explained," and a restriction to "superficial intermittent social interactions") that were not included in the residual functional capacity as determined by the ALJ.[31]

The Commissioner states that the Commissioner observed the regulations by not ignoring  Dr. Castro's opinion and by assigning specific weight to it.[32]  The Commissioner further notes that the ALJ is not bound to accept the totality of an opinion, despite having given it weight.[33]

c.    *Baker's testimony*

In the same vein as the above arguments, Baker here contends that the ALJ erred by finding that Baker's daily activities, such as her ability to care for herself and her family, showed that she was not as impaired as she claimed.[34]

---

[29] *Id*. at 11.

[30] Tr. at 241-68.

[31] ECF # 16 at 11.

[32] ECF # 17 at 9.

[33] *Id*. at 9-10.

[34] ECF # 16 at 17.  As to the ALJ's finding regarding credibility, that finding comports with the standards fully explained in *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 732-33 (N.D. Ohio 2005).

d.      *Post-hoc rationalization*

In her reply brief, Baker repeatedly linked all of the above arguments, and particularly the Commissioner's responses, to a contention that the Commissioner impermissibly employed "post hoc rationalizations" to explain the ALJ's decisions.[35]

In that regard, reviewing courts properly are alert to attempts by the Commissioner to deal for the first time in the brief with an issue completely ignored by the ALJ,[36] or with a ground for the decision that was not asserted by the ALJ.[37]  In such situations, courts correctly find that the late addition of an issue never addressed in the ALJ's opinion, or of a post-hearing articulation of grounds for a decision not found in the decision itself, are improper precisely because they deny the reviewing court a meaningful opportunity to review the decision itself, since the matter has become defined by what occurred after and outside of the decision.[38]

But, this legitimate focus on the need for meaningful review is not present in arguments that claim any reference by the Commissioner in his brief to evidence supporting a decision that was not specifically highlighted in the opinion is necessarily an impermissible "post-hoc rationalization."  Fundamentally, an ALJ must "give some indication" of the evidence on which he is relying and must also "mention or refute" evidence to the contrary,

---

[35] ECF # 19 at 1, 2, 3, 4, 5,6 , 7, 8, 10.

[36] *Fleischer v. Astrue*, 774 F. Supp. 2d 875 (N.D. Ohio 2011).

[37] *Martinez v. Comm'r of Soc. Sec.*, 692 F. Supp. 2d 822 (N.D. Ohio 2010).

[38] *See*, *Fleischer*, 774 F. Supp. 2d at 882 (citations omitted).

thereby, in the case of medical source opinion evidence, giving a reviewable explanation for why the opinion was not adopted.[39]  Once having done so, the Commissioner is not precluded from further developing the "indication" given by the ALJ as to the evidence he relied upon, or more fully detailing the contrary evidence that was "mentioned" by the ALJ, so long as those actions by the Commissioner are consonant with, and do not substitute for, the stated explanation for the decision given by the ALJ in the opinion.[40]

Here, as discussed, the ALJ adequately indicated the evidence on which she relied in determining the residual functional capacity, sufficiently mentioned the evidence contrary to that finding, and articulated a rationale for the determination that was not altered by the Commissioner in the brief.  As such, I find no improper post-hoc rationalization.

Having carefully reviewed the evidence cited by both Baker and the Commissioner, I conclude that, although evidence exists that supports the positions advocated by each, a reasonable mind could accept the evidence relied on by the Commissioner as adequate to support the ALJ's findings.  The findings fall within the "zone of choice" within which the Commissioner can act without the Court's interference.[41]

---

[39] *Id*. at 881 (citations omitted).

[40] *See*, *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  A reviewing court "may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]."

[41] *Buxton*, 246 F.3d at 773.

### 2.      Any error in determining past relevant work was harmless.

In this instance, I note that the Commissioner has, in essence, conceded that the ALJ's step four finding was not supported by substantial evidence but argues that the error was harmless because it was remedied by the ALJ's alternative step five finding.[42]  I agree, but the ultimate question remains concerning the support for the step five finding.  That issue is addressed below.

### 3.      The colloquy with the VE insufficiently supports the step five finding

At step five of the sequential evaluation, the VE identified several unskilled jobs that Baker could perform.[43]  Although the residual functional capacity finding provides that Baker could perform simple, repetitive and "detailed" work tasks,[44] the hypotheticals posed to the VE incorporated "detailed, but uncomplicated instructions" or "simple routine."[45]  By posing two separate and distinct hypotheticals, the ALJ obviously recognized some difference between "detailed" and "simple."  Nevertheless, he incorporated both terms in his residual functional capacity finding.  The ALJ did not pose to the VE a hypothetical that included both "simple routine" and "detailed."  As such, the VE's response cannot reasonably be interpreted as addressing those conditions together.  Given the hypotheticals posed, the

---

[42] ECF # 17 at 12.

[43] Tr. at 20.

[44] *Id*. at 17.

[45] *Id.* at 42.

response given, and the Commissioner's burden of proof at step five,[46] I cannot conduct meaningful judicial review of the step five finding.

In this circumstance, the combination of the admitted error in determining past relevant work, plus the attempt to jury-rig a series of inferences and implications from the colloquy with the VE to support the step five finding, all lead to the conclusion that, as presently constituted, substantial evidence does not support the decision of the Commissioner and that a remand[47] for additional proceedings is warranted.

## Conclusion

For the foregoing reasons, I conclude that substantial evidence does not support the Commissioner's finding that Baker had no disability.  Accordingly, the Commissioner's decision denying Baker's applications for disability insurance benefits and supplemental security income is reversed and the matter remanded for further proceedings.

On remand, the ALJ should reconsider the finding at step five of the sequential evaluation process based on a proper and understandable hypothetical incorporating a residual functional capacity assessment supported by substantial evidence.

---

[46] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

[47] *See*, 42 U.S.C. § 405(g).

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[48] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated:   March 30, 2012                         s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

[48] 28 U.S.C. § 2412(d)(1)(A).